UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X   For Online Publication Only
REGINA AULETTA *on behalf of*
*herself and all others similarly situated*,

                Plaintiff,

  -against-                      **ORDER**
                            17-CV-4490 (JMA) (ARL)

LVNV FUNDING, LLC, ALLIED
INTERSTATE, LLC AND SHERMAN
FINANCIAL GROUP, LLC,

                Defendants.
---------------------------------------------------------X

FILED
CLERK
7/23/2020 2:01 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

On March 8, 2017, plaintiff initiated a civil action against defendant in the Supreme Court of the State of New York, County of Suffolk, by filing a Summons with Notice. Plaintiff served the Summons with Notice on the Secretary of State, who then served defendant on July 7, 2017. (ECF No. 1.) Defendant removed the action to Federal Court on July 31, 2017. (Id.) A complaint was never filed in Federal Court.

On July 1, 2020, this Court issued a Status Report Order, directing plaintiff to file a Status Report by July 17, 2020. (Electronic Order, 7/1/2020.) Plaintiff was warned that failure to respond to that Order may result in dismissal of the case for failure to prosecute. (Id.) Plaintiff failed to comply with that Order.

To date, plaintiff has not responded to the Status Report Order, filed a complaint in this action, or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case <u>sua sponte</u> for lack of

prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

This case was removed in July 2017 and to date, plaintiff has failed to file a complaint, respond to this Court's Orders, or otherwise prosecute this action. The Court warned plaintiff that failure to respond to the July 1, 2020 Order could result in the dismissal of the case. The Court has considered the relevant factors here and concludes that plaintiff's failure to comply with this Court's Orders or otherwise communicate with the Court warrants dismissal.[1] Accordingly, this case is dismissed for failure to prosecute and noncompliance, and the Clerk of Court is directed close this case.

---

[1] Furthermore, plaintiff's counsel has recently engaged in a pattern of abandoning his cases. Indeed, in January 2020, this Court dismissed eight cases brought by plaintiff's counsel for failure to prosecute. (See Dockets 17-cv-2454, 18-cv-7254, 19-cv-2778, 19-cv-3771, 19-cv-3891, 19-cv-4325, 19-cv-4448, 19-cv-4562.) Additionally, the Court is, concurrent with the filing of the instant order, also dismissing another case filed by plaintiff's counsel for failure to prosecute. (See Docket 17-cv-4050.) In every one of these cases, the plaintiff was warned that failure to respond to a Court Order may result in dismissal of the case for failure to prosecute. Plaintiff's counsel failed to respond to every single one of this Court's orders in the aforementioned cases. The conduct by plaintiff's counsel in ignoring numerous Court Orders and failing to prosecute his cases in this Court further supports dismissing this action for failure to prosecute and noncompliance.

**SO ORDERED.**

Dated: July 23, 2020
Central Islip, New York                              /s/ (JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE